IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| TERRY JAMES GARRETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) No. 13-2434-STA-dkv |
| L.S.I. TEMPORARY SERVICES, LLC, | ) |
| Defendant. | ) |

| TERRY JAMES GARRETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| PATTERSON WAREHOUSES, INC. | ) |
| Defendant. | ) |

---

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

On June 17, 2013, the plaintiff, Terry James Garrett ("Garrett"), proceeding *pro se*, filed two identical lawsuits, one against L.S.I. Temporary Services, LLC ("L.S.I.") and the other against Patterson Warehouses, Inc. ("Patterson"), alleging that the defendants violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*,[1] by

---

[1] Garrett used the court-provided form "Complaint under Title VII of the Civil Rights Act of 1964"; however, Title VII does not provide a cause of action for age discrimination, and

discriminating against him on the basis of age. (*Pro Se* Compl., D.E. 1.) On June 18, 2013, the court issued an order granting Lester leave to proceed *in forma pauperis*, (D.E. 2), and after its September 6, 2013 scheduling conference, ordered that the cases be consolidated for common questions of law and fact, (D.E. 14). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

Before the court is the November 11, 2013 motion for summary judgment filed by L.S.I. and Patterson. (Def.'s Mot. for Summ. J., D.E. 25.) Garrett filed a response[2] to the motion, (*Pro Se* Resp. to Def.'s Mot. for Summ. J., D.E. 27), and L.S.I. and Patterson filed a reply, (Defs.' Reply, D.E. 28). For the reasons set forth below, it is recommended that L.S.I. and Patterson's motion for summary judgment be granted and that Garrett's complaint be dismissed in full.

I. PROPOSED FINDINGS OF FACTS

Under Rule 56(c)(1) of the Federal Rules of Civil Procedure, when moving for summary judgment, "[a] party

---

Garrett only alleges age discrimination. The court therefore will treat Garrett's complaint as alleging a claim for wrongful termination based on his age in violation of the ADEA.

[2] Garrett's response was unsigned and not timely filed; however, given Garrett's status as a *pro se* litigant, the court will consider his response in ruling on this motion for summary judgment.

2

asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). In response to the motion, if a party

> fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
>> (1) give an opportunity to properly support or address the fact;
>>
>> (2) consider the fact undisputed for purposes of the motion;
>>
>> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>>
>> (4) issue any other appropriate order.

FED. R. CIV. P. 56(c)(3).

Garrett's response to L.S.I. and Patterson's motion for summary judgment fails to properly address the defendants' assertions of undisputed facts. Specifically, Garrett has not complied with Local Rule 56.1(b), which provides that the opponent of a motion for summary judgment "must respond to each fact set forth by the movant" and "the response must be made on

3

the document provided by the movant or another document in which the [opponent] has reproduced the facts and citations verbatim as set forth by the movant." Either way, according to the Local Rule, "the [opponent] must make [its] response to each fact set forth by the movant immediately below each fact set forth by the movant." Garrett has failed to do so. In addition, Garrett has not demonstrated that any of L.S.I and Patterson's facts are genuinely disputed by citing to the record or affidavits or deposition testimony or admissible testimony. The court, therefore, considers the proposed factual findings of L.S.I. and Patterson to be undisputed to the extent they are properly supported by evidence in the record. FED. R. CIV. P. 56(e)(3).

The following facts are undisputed for purposes of this summary judgment motion:

This age discrimination case arises out of L.S.I. and Patterson's alleged termination, failure to promote, demotion, and ouster of Garrett in his position as an employee of L.S.I. who was assigned to provide services on a temporary basis to Patterson. (Defs.' Mem. in Support of Summ. J., D.E. 25-1 at 2.) For many years, L.S.I. had assigned Garrett to work at Patterson, (Aff. of Matthew Mulroy, Ex. E, D.E. 25-7 ¶ 6), and during the time relevant to this litigation, Patterson was assigned specifically to Building A, (Aff. of William Worden, Ex. D, D.E. 25-6 ¶ 6).

On October 12, 2012, Patterson sent L.S.I. a "Do Not Return" ("DNR") notice, stating that Garrett "was not working well with others lately" and should be assigned to a different building on Patterson's premises performing the same work for the same rate of pay during the same hours. (*Id.* ¶¶ 8-12.) L.S.I. took steps to place Garrett at a different building at Patterson, which Garrett declined. (Defs.' Statement of Undisputed Facts, D.E. 25-2 ¶ 8; Aff. of William Worden, Ex. D, D.E. 25-6 ¶ 13.) L.S.I. also made attempts to place Garrett with another employer, which Garrett similarly refused. (Defs.' Statement of Undisputed Facts, D.E. 25-2 ¶ 7; Aff. of William Worden, Ex. D, D.E. 25-6 ¶¶ 14-15.) L.S.I. and Patterson never terminated Garrett, and he left his employment voluntarily. (Defs.' Statement of Undisputed Facts, D.E. 25-2 ¶ 6.) In his form complaint, Garrett describes the circumstances under which he was discriminated as follows:

> For no fault of my own was demoted from my fourteen year job same as another lady Mrs. Juanita. Pushed around. Taunted. Denied overtime by Parnes & Miller.

(*Pro Se* Compl., D.E. 1 ¶ 10.)

Though Garrett was an employee of L.S.I., he was never an employee of Patterson. (Defs.' Statement of Undisputed Facts, D.E. 25-2 ¶¶ 1-2.) Parnes[3] and Miller — the persons who

---

[3] Apparently, Garrett uses the name, "Parnes," to refer to his direct supervisor at Patterson, Sidney Ponds. (Aff. of

5

allegedly denied overtime to Garrett — were not employees of L.S.I., and Garrett never notified any supervisors at Patterson about age discrimination involving Parnes and Miller prior to filing his complaint with the EEOC. (*Id.* ¶¶ 3-4.) Garrett also never informed L.S.I. of discrimination of any kind. (*Id.* ¶ 5.)

As to Garrett's other allegations concerning demotion, failure to promote, and ouster, Garrett's salary was never reduced during his employment with L.S.I., (*Id.* ¶ 9); Garrett was never demoted, (*Id.* ¶ 13); Garrett never sought promotion from either L.S.I. or Patterson for which he was denied, (*Id.* ¶ 15); and L.S.I. and Patterson never sought Garrett's ouster, (*Id.* ¶ 14). During his employment with L.S.I., both L.S.I. and Patterson had employees who were senior in age to Garrett. (*Id.* ¶ 10.) When Garrett left his employment with L.S.I., he was not replaced by an individual who was substantially younger than him, (*Id.* ¶ 11), and Garrett does not provide any other instance of age discrimination by either L.S.I. or Patterson, (*Id.* ¶ 12). Finally, both L.S.I. and Patterson have internal grievance procedures to identify and address discrimination, which Garrett did not use. (*Id.* ¶ 16.) Had he done so, L.S.I. and Patterson

---

Matthew Mulroy, Ex. E, D.E. 25-7 ¶ 7.)  In his response in opposition to the defendants' motion for summary judgment, Garrett corrects the name to "Ponds." (*See Pro Se* Resp. to Def.'s Mot. for Summ. J., D.E. 27 at 2.)

assert that they would have taken steps to investigate and address his grievance. (*Id.* ¶ 17.)

I. PROPOSED CONCLUSIONS OF LAW

A. <u>Summary Judgment Standard</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cnty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam). The moving party has the burden of showing that there are no genuine issues of material fact at issue in the case. *LaPointe*, 8 F.3d at 378. This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d

7

335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson*, 477 U.S. at 251–52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations.

*Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

B.  <u>Evidentiary Framework for Evaluating Age Discrimination Claims</u>

Garrett alleges that L.S.I. and Patterson unlawfully discriminated against him on the basis of his age when they terminated, failed to promote, demoted, harassed, and ousted him from employment. (Am. Compl., D.E. 5 ¶ 9.) The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In ADEA claims, the plaintiff bears the burden of persuasion to show that "age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 283 (6th Cir. 2012). The plaintiff may carry this burden by either direct or circumstantial evidence. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). Where, as here, the plaintiff presents no direct evidence of age discrimination, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972) applies. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). Under *McDonnell Douglas*, the plaintiff must first establish a *prima facie* case of age

9

discrimination. *McDonnell,* 411 U.S. at 802. If the plaintiff succeeds, the defendant must "articulate some legitimate, nondiscriminatory reason" for the termination. *Id.* "If the defendant meets this burden, then the burden of production shifts back to the plaintiff to demonstrate that the proffered reason is a pretext." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003).

1. *Garrett's Failure to Establish a Prima Facie Age Discrimination Case Against L.S.I.*

Garrett lacks direct evidence of age discrimination on the part of L.S.I. and Patterson, and thus, must proceed on a circumstantial evidence theory. To establish a *prima facie* case of age discrimination under the ADEA absent direct evidence of discrimination, a plaintiff must establish: (1) he was a member of the protected class, meaning he was at least 40 years old; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a substantially younger individual. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008)(citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007); *Skelton v. Sara Lee Corp.*, 249 F. App'x 450, 456 (6th Cir. 2007); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 222, 459-60 (6th Cir. 2004); *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir. 1982). A plaintiff may also satisfy the fourth prong of a

*prima facie* showing by adducing evidence that he "was treated differently than similarly situated non-protected employees." *Mitchell*, 964 F.2d at 583; *see also Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008)(race discrimination case)(citing *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)(race and sex discrimination claim).

The court finds that Garrett fails to establish a *prima facie* case of age discrimination because he was not subjected to an adverse employment action, and he was not replaced by a substantially younger individual. An adverse employment action is a "materially adverse change in the terms and conditions of . . . employment because of [the] employer's conduct." *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)(emphasis omitted); *see also*. As explained in the Sixth Circuit's opinion in *Policastro v. Nw. Airlines, Inc.*, 297 F.3d 535 (6th Cir. 2002),

> Reassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions. When a reassignment rises to the level of a constructive discharge, however, the reassignment is an adverse employment action. For a transfer or reassignment to amount to a constructive discharge, its conditions must be objectively intolerable to a reasonable person. An employee's subjective impressions as to the desirability of one position over another are not relevant.

*Id.* at 538-39 (citations omitted).

In the present case, the undisputed facts and supporting evidence indicate that Garrett was reassigned from Building A at Patterson to another building, but he maintained the same position, pay, and hours. (Aff. of William Worden, Ex. D, D.E. 25-6 ¶¶ 8-12; *see also* Aff. of Matthew Mulroy, Ex. E, D.E. 25-7 ¶¶ 12-13.) L.S.I.'s reassignment of Garrett to another building at Patterson did not rise to the level of constructive discharge such that it was objectively intolerable to a reasonable person, and Garrett has failed to point to any specific objection to the reassignment. Rather, Garrett only points to the behavior of his coworkers in Building A at Patterson — Parnes and Miller — as objectionable and discriminatory. It is undisputed that Parnes and Miller were not employees of L.S.I.; even if they were, there is no indication that Parnes and Miller effected any adverse employment action against Garrett that altered the terms and conditions of his employment. The evidence supports the undisputed fact that Garrett was not terminated, demoted, or ousted from L.S.I., but left the process of reassignment and his employment with L.S.I. voluntarily. L.S.I. offered to place Garrett in a different building at Patterson with the same terms and conditions and was refused. It then offered him temporary work for another client, and Garrett again declined.

12

Accordingly, the court finds that L.S.I. did not subject Garrett to any adverse employment action.

Further, there is no evidence that Garrett was replaced by a substantially younger employee. Garrett states in his response in opposition to the motion for summary judgment that he was one of the only remaining temporary workers over sixty and suggests that his workplace problems only began after he passed age sixty-one. (*Pro Se* Resp. to Def.'s Mot. for Summ. J., D.E. 27 at 2.) His allegations are vague, relate to the work environment at Patterson rather than L.S.I., and do not point to any action taken by L.S.I. to replace him with a younger individual. They also do not show that he was treated differently than other similarly situated employees, and Garrett does not offer this theory.

L.S.I. has sufficiently shown the court that Garrett lacks evidence to support the third and fourth elements of his *prima facie* case against L.S.I., *see Celotex*, 477 U.S. at 323, and Garrett fails to present significant probative evidence to demonstrate that there is more than "some metaphysical doubt to the material facts," *see Moore*, 8 F.3d at 340. Accordingly, the court recommends that L.S.I.'s motion for summary judgment be granted.

2. *Garrett's Failure to Establish a Prima Facie Age Discrimination Case Against Patterson*

Patterson contends that Garrett's claim against it should fail because it is undisputed that Patterson was not Garrett's employer. The existence of an employer-employee relationship is a prerequisite to bringing a claim under the ADEA. *Branson v. Harrah's Tunica Corp.*, 832 F. Supp. 2d 929, 935 (W.D. Tenn. 2011). The EEOC has issued guidelines for determining whether an employment relationship exists where, as here, a temporary staffing agency (L.S.I.) places temporary workers in job assignments with a client company (Patterson). *See* EEOC Compliance Manual, Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms (Dec. 3, 1997). According to the EEOC, "[a] client of a temporary employment agency typically qualifies as an employer of the temporary worker during the job assignment, along with the agency. This is because the client usually exercises significant supervisory control over the worker." *Id.* The court finds that it as an undisputed fact that Patterson was not Garrett's employer.

Although Patterson is not Garrett's employer, Patterson could still be liable under the EEOC's December 3, 1997, enforcement guidance notice for discrimination if Patterson interfered with Garrett's employment opportunities with LSI. Garrett, however, has not come forward with any proof whatsoever that Patterson interfered with his employment with LSI, nor does

he even allege interference on the part of Patterson.  Moreover, LSI took steps to return Garrett to Patterson (but Garrett declined), which would be inconsistent with any interference on the part of Patterson.

Even if Patterson were Garrett's employer, Patterson cannot establish a *prima facie* case for age discrimination against Patterson for the same reasons that he fails to state a claim against L.S.I.: Garrett was not subjected to any adverse employment action, nor was he replaced by a substantially younger individual.  As previously noted herein, the undisputed facts and supporting evidence indicate that Garrett was merely reassigned to another building at Patterson, but maintained the same position, pay, and hours.  Garrett complains of the discriminatory behavior of his co-workers, Parnes and Millers, who were employees of Patterson.  However, Garrett never notified any supervisors at Patterson about their alleged age discrimination or used any of the internal grievance procedures available to him to notify Patterson.  Even if Patterson had been aware of discriminatory acts by these co-workers, Patterson's issuance of a DNR and request that Garrett be moved to a different building under the same terms and conditions of employment would seem to resolve the issue of discrimination, rather than augment it.  In sum, the court finds there was no adverse employment action taken by Patterson against Garrett.

Garrett also fails to offer any evidence that he was replaced by a substantially younger person at Patterson. The court finds his generalized allegations that Patterson routinely dismissed older employees to be unsupported by any evidence. The undisputed facts show that, in fact, both L.S.I. and Patterson had employees who were senior in age to Garrett. Garrett does not expressly advance the theory that other similarly situated employees of the non-protected category were treated differently, and he does not point to any such similarly situated employees specifically. The court therefore finds that Garrett fails to establish the third and fourth elements of his *prima facie* case against Patterson and likewise recommends that Patterson's motion for summary judgment should be granted.

## II.  RECOMMENDATION

For the foregoing reasons, it is recommended that L.S.I. and Patterson's motion for summary judgment be granted and that Garrett's complaint be dismissed in full.

Respectfully submitted this 20th day of December, 2013.

S/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.